IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT DOUGLASS CROSBY, | ) | Civil Action No. 7:12-cv-00271 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JACK LEE, | ) | By:   Hon. Michael F. Urbanski |
|     Defendant. | ) |        United States District Judge |

Robert Douglas Crosby, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Jack Lee, Superintendent of the Middle River Regional Jail ("Jail"), as the sole defendant. Plaintiff complains about the food and access to religious services at the Jail. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff alleges the following facts in the complaint. The Jail does not offer Islamic services, which allegedly violates plaintiff's right to practice an established religion. Plaintiff was deprived access to his Islamic prayer rug and "the opportunity to attend the obligatory Friday prayer service (Jumma[])[,]" which allegedly prohibits plaintiff's free exercise of religion.[1] On May 26, 2012, plaintiff unknowingly ate pork, in violation of his Islamic faith, because Jail staff served pork products without notifying him. Plaintiff requests unspecified damages.

---

[1] Plaintiff does not clearly explain whether the Jail permits Jumma service and plaintiff was excluded from it or plaintiff wanted to have a Jumma service but the Jail does not permit Jumma or any Islamic service to occur. This lack of clarity does not impact the ultimate conclusion that plaintiff fails to allege facts about defendant's involvement in plaintiff's claims.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.

1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

      To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  However, plaintiff fails to describe any fact showing how defendant allegedly violated a civil right.  Plaintiff does not allege that defendant personally promulgated a policy or enforces a custom that violates one of plaintiff's civil rights.  See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991) (finding that § 1983 requires a showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs).   Plaintiff cannot merely impute certain issues, like the alleged lack of Islamic services, to defendant on the assumption that defendant, as Superintendent, inherently knows about any act or omission occurring at the Jail.  See, e.g., Gallagher v. Shelton, 587 F.3d 1063, 1070 (10th Cir. 2009) (rejecting an inmate's claim that his free exercise rights were violated by an official negligently failing to accommodate a religious request); Lovelace v. Lee, 472 F.3d 174, 201 (4th Cir. 2006) ("[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983."). Plaintiff cannot rely on respondeat superior to impose liability on defendant for the act or omission of defendant's subordinates.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).  Accordingly, plaintiff fails to state a claim against defendant upon which relief may be granted.

## III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: June 28, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge